1 | David G. Halm, Esq. SBN 179957
2 | **NICOLSON LAW GROUP, PC**
    21650 Oxnard Street, Suite 1410
    Woodland Hills, CA 91367
3 | Direct:  (818) 858-1121
    Office:  (818) 858-1120
4 | Fax:     (818) 858-1124
    E-mail:  halm@nicolsonlawgroup.com
5 |
6 | Attorneys for Defendant TARGET CORPORATION,
    erroneously sued and served herein as TARGET
7 | STORES

8 | <center>**UNITED STATES DISTRICT COURT**</center>

9 | <center>**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**</center>

10 |

| | |
|---|---|
| DAVID ALLSOP, an individual; | CASE NUMBER: |
| Plaintiff, | **NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY** |
| v. | State Court Complaint Filed: August 1, 2019 |
| TARGET STORES, a business entity; and DOES 1 to 100 inclusive | |
| Defendants. | |

19 | TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

20 | THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION:

21 | NOTICE IS HEREBY GIVEN pursuant to 28 U.S.C. sections 1332, 1441,

22 | and 1446, Defendant TARGET CORPORATION, a Minnesota corporation

23 | ("Defendant"), through its undersigned counsel, hereby removes to this Court the

24 | state court action described herein and pleads the following grounds for removal.

25 | 1.     This action was commenced on or about August 1, 2019, by

26 | the filing of a complaint by Plaintiff DAVID ALLSOP ("Plaintiff") against

27 | Defendant in the Superior Court of the State of California, County of Los Angeles –

28 | Central District, entitled <u>David Allsop vs. Target Corporation, et al.</u>, Case

<center>1</center>

1 No. 19STCV27051 (the "State Court Action").

2      2.    Plaintiff alleges in his Complaint for Damages filed the State Court
3 Action on August 1, 2019 ("Complaint"), that he was in the Target store located at
4 9888 Balboa Boulevard, Los Angeles, California 91325 ("Store"), where he claims
5 to have been injured when shelf liners rolled down and caused injuries to Plaintiff.
6 The Complaint seeks an unspecified amount of economic and non-economic
7 damages against Defendant.

8      3.    Defendant was served with Plaintiff's Summons and Complaint on or
9 about October 10, 2019. Plaintiff's Complaint does not allege on its face the
10 amount of damages that Plaintiff allegedly suffered during the incident that gives
11 rise to the State Court Action. True and correct copies of the Summons, Complaint,
12 Civil Case Cover Sheet, Addendum and Statement of Location, Notice of Case
13 Assignment, standing court orders and Alternative Dispute Resolution Information
14 Package are attached hereto as **Exhibit A.**

15      4.    On or about November 8, 2019, Defendant filed and served upon
16 Plaintiff's counsel an answer to the complaint in the State Court Action
17 ("Answer"). A true and correct copy of Defendant's Answer is attached hereto as
18 **Exhibit B**.

19 <div align="center">**Basis for Removal**</div>

20      5.    28 U.S.C. section 1441(b)(3) permits a defendant to file a notice of
21 removal within thirty (30) days after defendant receives, "through service or
22 otherwise, a copy of an amended pleading, motion, order or other paper from
23 which it may first be ascertained that the case is one which is or has become
24 removable." [Emphasis added.]

25      6.    The Complaint alleges Plaintiff's residence in the County of Los
26 Angeles, State of California, but did not allege his domicile. [Complaint, page 1, ¶
27 1.] On or about November 19, 2019, Defendant served its Special Interrogatories,
28 a true and correct copy of which is attached hereto as **Exhibit C** and incorporated

1   herein by reference.  On page 9, Defendant's Special Interrogatory No. 62 asked:

2   "Do YOU intend to remain living at YOUR current residence?"  On or about

3   December 9, 2019, Plaintiff served by mail his Responses to Special

4   Interrogatories, a true and correct copy of which is attached hereto as **Exhibit D**

5   and incorporated herein by reference.  On page 8 of his Responses to Special

6   Interrogatories, Plaintiff responded to Special Interrogatory No. 62: "Yes."

7   Plaintiff therefore intends to remain living at his current residence and therefore

8   has alleged his domicile is located in California.

9        7.     Defendant is and, at all relevant times, was incorporated in the State

10   of Minnesota.  At all relevant times herein, Defendant has maintained control from

11   its headquarters in Minneapolis, Minnesota. In the U.S. Supreme Court case, *Hertz*

12   *Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010), the Supreme Court held that

13   a corporation's "principal place of business" for purposes of determining federal

14   diversity jurisdiction is its "nerve center" -- the place where the corporations' high-

15   level officers direct, control and coordinate the corporation's activities.  This is

16   usually the corporate headquarters.  Applying the "nerve center test" to this case,

17   Defendant's principal place of business is Minneapolis, Minnesota.  Defendant

18   does not conduct "substantially all" of its business in any single state, nor does its

19   business in any single state "substantially predominate" over any other.  Defendant

20   is a quintessential multistate corporation, with operations in each of the 50 states,

21   all of which are directed, controlled and coordinated by its respective officers in

22   Minneapolis, Minnesota, without regard to locale, in furtherance of the corporate

23   objective.

24        8.     Other courts, applying the "nerve center test" with respect to

25   Defendant, have similarly reached this conclusion, including this Court.  (See, e.g.,

26   *Maldonado v. Target Corp.*, *et al.*, 2015 U.S. Dist. LEXIS 90011, at \*1-2 (C.D.

27   Cal., holding "Target has established that Minnesota is its principal place of

28   business under the 'nerve center' test" and that complete diversity existed);

1  *Gonzalez v. Target Corp.*, 2013 U.S. Dist. LEXIS 145769, at \*4-6 (E.D.Cal.,

2  finding declaratory evidence averring that Target's retail stores and distribution

3  centers were directed from its headquarters in Minneapolis, Minnesota, which

4  houses Target's administrative and financial offices and bulk of corporate records,

5  showed Target was a citizen of Minnesota for diversity purposes); see also, *Lopez*

6  *v. Target Corp.*, 2011 U.S. Dist. LEXIS 117881 \*4-5.)

7      9.      DOES 1 through 100 are named and sued fictitiously and their

8  citizenship is disregarded as a matter of law for purposes of removal on grounds of

9  diversity jurisdiction.  28 U.S.C. §1441(b)(1).

10     10.     As set forth above, the complete diversity requirements are satisfied.

11  See 28 U.S.C. §1332(a); *Hertz v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181

12  (2010).

13     11.     Because the only real and substantial parties to this litigation were

14  and are citizens of the states of California (*i.e.*, Plaintiff) and Minnesota (*i.e*.,

15  Defendant), and not the same state, complete diversity of citizenship of the parties

16  exists.

17              **The Amount in Controversy Exceeds $75,000.00**

18     12.     As mentioned above, Plaintiff's Complaint seeks an unspecified

19  amount of economic and non-economic damages against Defendant.  [Complaint,

20  Ex. A, ¶¶ 10-11, 15-16, Prayer, ¶¶ 1-2.]

21     13.     Defendant's counsel received Plaintiff's Statement of Damages, a true

22  and correct copy of which is attached hereto as **Exhibit E** and incorporated herein

23  by reference, for the first time on or about January 9, 2020, wherein Plaintiff set

24  forth his past damages as follows:

25              "**General damages**

26              a.      Pain, suffering, and inconvenience      $35,000.00

27              b.      Emotional distress      $25,000.00

28              …

4

NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Special damages**

    a.    Medical expenses (to date)        $30,758.75."

    14.    The total of these alleged damages **$90,758.75**, exceeds $75,000.00, exclusive of interest and costs. Thus, the threshold amount in controversy under 28 U.S.C. section 1332(a) is satisfied for purposes of diversity jurisdiction.

    15.    This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy to be determined. In addition, this is an action which may be removed pursuant to 28 U.S.C. § 1441(a).

<center>**Removal is Timely**</center>

    16.    This removal is timely in that 28 U.S.C. section 1441(b)(3) permits a defendant to file a notice of removal within thirty (30) days after defendant receives, "through service or otherwise, a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable." [Emphasis added.] Plaintiff's Statement of Damages, the "other paper" from which it could be first ascertained by Defendant that this case is removable, was served by mail on or about January 9, 2020.

    17.    This removal is also made within one year after the commencement of the action (*i.e.*, commenced on August 1, 2019). [28 U.S.C. § 1446(c)(1).]

    18.    No further proceedings have occurred in the matter now pending before the Los Angeles Superior Court. There is presently a Final Status Conference scheduled for January 14, 2021 and a Trial scheduled on January 28, 2021.

    19.    Defendant will promptly file a removal notice, together with a copy of the instant Notice of Removal, with the Clerk of the Superior Court of the State of California, County of Los Angeles, and will serve written notice on counsel of record for Plaintiff.

    20.    WHEREFORE, for the foregoing reasons, Defendant hereby gives

<center>5</center>

1  notice that the referenced action is removed in its entirety from the Superior Court

2  for the State of California, County of Los Angeles, to the United States District

3  Court for the Central District of California, Western Division, pursuant to 28

4  U.S.C. §§ 1332, 1441(a), and 1446.

5

6  Dated: January 14, 2020                    NICOLSON LAW GROUP, PC

7

8                                          By:    */s/ David G. Halm*
                                                  David G. Halm, Esq.
9                                                 Attorneys for Defendant
                                                  TARGET CORPORATION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY

## **PROOF OF SERVICE**

1

2     I am a citizen of the United States. My business address is Nicolson Law
Group, PC, 21650 Oxnard Street, Suite 1410, Woodland Hills, California 91367.  I
3 am employed in the County of Los Angeles where this service occurs.  I am over
the age of 18 years, and not a party to the within cause.

4

5     On the date set forth below, according to ordinary business practice, I served
the foregoing document(s) described as:

6     <u>**NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY**</u>

7 ☒    (BY CM/ECF)  I hereby certify that on this date, I electronically filed the
foregoing with the Clerk of the Court using the CM/ECF system which will s
8 end notification of such filing to the e-mail addresses denoted on the
Electronic Mail notice list, and I hereby certify that I have mailed the
9 foregoing document or paper via the United States Postal Service to the non-
CM/ECF participants (if any) indicated on the Manual Notice list.

10

11 ☐    (BY FAX)  I transmitted via facsimile, from facsimile number 818.858-1124,
the document(s) to the person(s) on the attached service list at the fax
12 number(s) set forth therein, on this date before 5:00 p.m.  A statement that
this transmission was reported as complete and properly issued by the
13 sending fax machine without error is attached to this Proof of Service.

☐    (BY E-MAIL) On this date, I personally transmitted the foregoing
14 document(s) via electronic mail to the e-mail address(es) of the person(s) on
the attached service list.

15

16 ☒    (BY MAIL)  I am readily familiar with my employer's business practice for
collection and processing of correspondence for mailing with the U.S. Postal
17 Service, and that practice is that correspondence is deposited with the U.S.
Postal Service the same day as the day of collection in the ordinary course of
18 business.  On this date, I placed the document(s) in envelopes addressed to
the person(s) on the attached service list and sealed and placed the envelopes
19 for collection and mailing following ordinary business practices.

20 James W. Vititoe, Esq.
Vititoe Law Group
21 5707 Corsa Avenue
Second Floor
22 Westlake Village, CA  91362
Telephone Number: (818) 991-8900
23 Facsimile Number: (818) 991-6200
Email: jim@vititoe.com
24 Attorneys for Plaintiff, David Allsop

25 ☐    (BY PERSONAL SERVICE)  On this date, I delivered by hand envelope(s)
26    containing the document(s) to the persons(s) on the attached service list.

27

28

7

NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY

☐ (BY OVERNIGHT DELIVERY)  On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **January 14, 2020**, at Los Angeles, California.

_/s/ Cheryl C. Crowley_
Cheryl C. Crowley

NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY